| | |
|---|---|
| Denver County District Court, Colorado<br>1437 Bannock Street<br>Denver, CO 80202 | DATE FILED<br>March 14, 2025 6:39 PM<br>FILING ID: 50A4CD66408C2<br>CASE NUMBER: 2025CV30970 |
| **Plaintiffs** Nome Partners LLC, CBZ Management LLC, Zev Baumgarten and Shmaryahu Baumgarten<br><br>v.<br><br>**Defendant** United States Liability Insurance Company | ▲ COURT USE ONLY ▲ |
| **Attorneys for Plaintiffs Nome Partners LLC, CBZ Management LLC, Zev Baumgarten and Shmaryahu Baumgarten:**<br>Robert L. Barlow, Reg. No. 43547<br>Kristin L. Arthur, Reg No. 52397<br>GARNETT POWELL MAXIMON BARLOW & FARBES<br>1125 17th Street, Suite 2200<br>Denver, CO 80202<br>(303) 991-3344<br>Rob.Barlow@garnettlegalgroup.com<br>Kristin.Arthur@garnettlegalgroup.com | Case Number:<br><br>Division: |
| **COMPLAINT FOR DAMAGES AND JURY DEMAND** | |

Plaintiffs bring this action for damages against Defendant United States Liability Insurance Company ("USLI").

## I. Parties

1. Nome Partners LLC is a limited liability company doing business in Colorado.

2. CBZ Management LLC is a limited liability company doing business in Colorado.

3. Zev Baumgarten is an individual residing in Florida.

4. Shmaryahu Baumgarten is an individual residing in New York.

5. USLI is an insurance company licensed to conduct business in the State of Colorado. According to the Colorado Secretary of State Business Entity Search Utility, USLI is a foreign corporation domiciled in Pennsylvania and nonresident of Colorado.

## II. Jurisdiction and Venue

6. Statutorily, this Court has jurisdiction to award damages and other relief against USLI under Colorado's long-arm statute. *See* C.R.S. §§ 13-1-124(1)(a) ("the transaction of any business in this state"); 13-1-124(1)(d) ("contracting to insure any … property, or risk residing or located within this state at the time of contracting"). Further, this Court has jurisdiction to award damages and other relief against USLI because USLI has sufficient minimum contacts with Colorado since it does business in Colorado, issues insurance policies for properties in Colorado, and targets persons in Colorado.

7. Venue is proper in this Court pursuant to C.R.C.P. 98(c)(1) because USLI is a nonresident of Colorado but USLI does business in Denver County and therefore is found in Denver County.

## III. Facts

8. On or about August 12, 2024, Plaintiff Javier Hidalgo, on his own behalf and on behalf of all others similarly situated filed a Class Action Complaint and Jury Demand in the District Court for Adams County under Case Number 2024CV31247 naming Nome Partners LLC, CBZ Management LLC, Zev Baumgarten and Shmaryahu Baumgarten as Defendants (the "Class Action"). Plaintiff also filed a Motion for Temporary Restraining Order and <u>Request for Expedited Hearing</u> in the Class Action. **(Exhibit 1)**

9. By Court Order filed August 14, 2024, the Court granted certain injunctive relief *ex parte* requiring, among other relief, that Defendants provide alternative housing to Plaintiff and class members (the "TRO"). **(Exhibit 1A)**

10. By email dated August 15, 2024, a claim for insurance coverage for the Class Action Complaint and Motion for TRO was tendered to USLI. On that same day, USLI acknowledged the clam and assigned claim number 0-43610 **(Exhibit 2).**

11. By email dated August 15, 2024, the adjuster for USLI was provided notice of a court hearing scheduled for the Class Action on August 21, 2024 **(Exhibit 3)**.

12. By email dated August 23, 2024, the adjuster for USLI was provided with notice confirming that the August 21, 2024 court hearing was adjourned and USLI was asked, "*Please advise when we can expect USLI's coverage determination. Thank you.*" **(Exhibit 4).**

13. By email dated August 26, 2024, the adjuster for USLI was advised, "*Please be advised that the law firm of Brownstein Hyatt Farber Schreck LLP* ["Brownstein"] *has been engaged to represent the Defendants in the putative class action. Please be advised that as part of our tender of this claim, we will be seeking recovery of all costs and expenses incurred in the defense. Please advise when we can expect USLI's coverage determination. Thank you.*" **(Exhibit 5).**

14. By email dated August 30, 2024, USLI was reminded of its duty to respond to the tender of coverage promptly:

2

*"Brian,*

*We believe that USLI has had sufficient time to review this claim. As you know, USLI's duty to defend is triggered if the claims contained in the Complaint include any allegation which could fall within the coverage afforded. Even a cursory review of the "four corners" of the Hidalgo complaint leads to a conclusion that coverage has been triggered. As you well know, an insurer is obligated to consider extrinsic evidence to find coverage but not to deny coverage and all questions, ambiguities or issues are to be interpreted in favor of the insured. As held in Greystone Construction, Inc. v. National Fire & Marine Insurance, Co., 661 F.3d 1272, 1284 (10th Cir. 2011), any claim that "is potentially or arguably within the policy coverage," must be defended by the insurer.*

*In addition, the Colorado legislature has stated, "The policy of Colorado favors the interpretation of insurance coverage broadly for the insured." See, Title 13, Article 20 of the Colorado Code.*

*Insurers are allowed a "reasonable" time to concede or deny coverage. Given the fact that the Hidalgo complaint clearly triggers USLI's duty to defend, we believe that USLI could concede its duty to defend without further delay."*
**(Exhibit 6)**

15.     By email dated September 5, 2024, USLI responded, conceding coverage for the Class Action:

*"Hi Mike:*

*The coverage review is completed. We shall agree to defend the complaint under a coverage reservation of rights. The coverage reservation of rights will be issued shortly to the insured and to your office. I am not directly involved in this coverage analysis.*

*With this step complete, I will seek out counsel to defend Nome Partners, LLC (and their managing members). I have used the Law offices of Dietz & Davis in Boulder CO for similar type premises liability/habitability type claims. I will have them run a conflict check.*

*More information to follow, thanks."*
**(Exhibit 7)**

16.     By email dated September 6, 2024, USLI was reminded of costs being incurred in the defense of the Class Action:

*"Hi Brian,*

3

> *Thank you for the confirmation and we will look for the ROR.*
>
> *Can USLI consider retaining the Brownstein Hyatt Farber Schreck, LLP to continue the defense of USLI's insured(s)? The firm is fully engaged in the defense and the facts. The firm is in Denver.*
>
> *Also, USLI's insureds have been incurring costs and expenses providing alternative living arrangements for displaced tenants. What is the mechanism for USLI to reimburse the insureds for the costs incurred and to takeover the payment of the costs going forward?*
>
> *Thank you.*
> *Mike*"
> **(Exhibit 8)**

17. On or about September 11, 2024, USLI identified a firm to take over the defense of the Class Action but the firm could not be engaged due to a conflict.

18. By email dated September 18, 2024, reimbursement of costs and expenses incurred was again requested:

> "*Hi Brian,*
>
> *Any ETA and the ROR and the reimbursement of costs and expenses?*
>
> *We can get on a call if that helps.*
> *Thank you.*
> *Mike*"
> **(Exhibit 9)**

19. On September 23, 2024, USLI issued a reservation of rights ("ROR") agreeing to defend Nome Partners LLC, CBZ Management LLC, Zev Baumgarten and Shmaryahu Baumgarten. **(Exhibit 10)**

20. By email dated September 27, 2024, USLI confirmed that it had identified a law firm that could handle the "class action component of the case". **(Exhibit 11)**

21. By email dated September 30, 2024, USLI identified counsel to be assigned to defend the class action component of the Hidalgo lawsuit. **(Exhibit 12)**

22. By email dated October 11, 2024, USLI was provided with information and records for expenses and costs incurred by Plaintiffs in complying with the TRO which required Plaintiffs to provide alternative living arrangements for the displaced tenants and certain legal fees. At that time, the covered charges and fees totaled $117,510.84. **(Exhibit 13)**

23. By email dated October 16, 2024, a follow up request for reimbursement was sent to USLI. **(Exhibit 14)**

24. By email dated October 28, 2024, another follow up request for reimbursement was sent to USLI. **(Exhibit 15)**

25. After several more email requests to USLI, USLI responded by email dated November 18, 2024 that, "*This matter has been referred to coverage counsel to review your position. I anticipate a determination will be made shortly.*" **(Exhibit 16)**

26. USLI did not respond and coverage counsel was not identified, prompting an email dated November 27, 2024 to USLI concerning USLI's violation of Unfair Claims Practices Act,

"*With reference to our email chain below, we have not received any further response and frankly, we see no basis for USLI's failure to promptly pay both the legal bills and invoices for the alternative living expenses (which were court ordered) and which were submitted to USLI for payment.*

*The delay in rendering payment may be in violation of Colorado's Unfair Claims Practices Act, C.R.S. § 10-3-1101, et seq. and USLI's duty of good faith and fair dealing. The facts and circumstance may subject USLI to exposure for bad faith claims handling pursuant to C.R.S. § 10-3-1104(1)(h)(II)(IV)(V)(VI)(VII).*

*We will look forward to USLI's prompt response, either directly or via coverage counsel. Thank you.*"
**(Exhibit 17)**

27. USLI did not respond prompting another notice to USLI by email dated January 2, 2025:

"*We have never received any further response from you or USLI coverage counsel concerning the matters addressed below. Given more than six (6) weeks has passed since you indicated a response would be forthcoming, we will assume that no response in fact coming. We will proceed accordingly.*"
**(Exhibit 18)**

28. USLI did not respond further.

29. By email dated October 2, 2024 to prior defense counsel, USLI confirmed that it would pay the defense costs incurred up to the transfer of the file to USLI assigned defense counsel: "*As far as necessary prior legal work related to the defense of the class action, we can pay that portion of the reasonable fees/costs incurred <u>from time of tender to time of transfer</u>. You can send that invoice to my attention. The tender of the claim to my company was on August 15, 2024.*" **(Exhibit 19)**

5

30. By email dated October 6, 2024, USLI was provided with the Brownstein firm invoice for the period from the time of tender to the time of transfer to USLI assigned defense counsel. **(Exhibit 20)**

31. Several follow up requests for reimbursement of the Brownstein defense costs were sent to USLI without response.

32. At no time did USLI deny coverage for reimbursement of the Brownstein defense costs.

33. USLI issued Policy GL 1055867C insuring Plaintiffs. **(Exhibit 21)**

## IV.     First Claim for Relief – Breach of Contract
         Pursuant to C.J.I. 30:10

34. Plaintiffs incorporate all paragraphs above as if fully set forth here.

35. The USLI Policy is a valid contract of insurance.

36. USLI has conceded coverage for Class Action and assigned defense counsel on or about September 30, 2024. Assigned defense counsel took over the defense of the Class Action on or about October 3, 2024.

37. USLI has been provided with a copy of the invoices generated by the Brownstein firm for the defense of the Class Action from the date of the tender (August 15, 2024) until the transfer of the defense to USLI assigned defense counsel (on or about October 3, 2024) (the "Brownstein Defense Costs").

38. USLI agreed to pay the Brownstein Defense Costs but has failed to do so.

39. USLI is obligated to reimburse Plaintiffs for costs and expenses incurred in providing alternative living arrangements for displaced tenants in accordance with TRO but has failed to do so.

40. USLI's failure to render payment or reimbursement for the Brownstein Defense Costs and costs and expenses incurred in providing alternative living arrangements for displaced tenants in accordance with TRO is a breach by USLI of the USLI Policy.

41. Plaintiffs each substantially performed and substantially complied with the USLI Policy by paying their respective premiums and by providing timely notice of the Class Action to USLI.

42. As a result of USLI's breach of the USLI Policy, Plaintiffs have suffered damages and will continue to suffer damages, including the amounts to which it is legally entitled to recover under the USLI Policy and attorneys' fees, all in an amount to be determined at trial.

**V.     Second Claim for Relief - Bad Faith Breach of Insurance Contract at Common Law**
**Pursuant to C.J.I. 25:2**

43.     Plaintiffs incorporate all paragraphs above as if fully set forth here.

44.     Plaintiffs have damages.

45.     Plaintiffs and USLI entered into a contract of insurance whereby USLI promised to pay for covered losses and damages.

46.     ULSI has acted unreasonably in failing to render payment for the Brownstein Defense Costs and costs and expenses incurred in providing alternative living arrangements for displaced tenants in accordance with TRO.

47.     USLI owes a duty to act in good faith and to deal fairly with Plaintiffs, which it breached by acting unreasonably. This duty includes, without limitation, the duty to honestly, promptly and fairly investigate claims for coverage, cooperate with the Plaintiffs, assign defense counsel, pay for covered losses and damages, adopting and implementing reasonable standard for the prompt evaluation of a claim, failing to consider a valid appeal of disclaimers of coverage, and ignoring evidence that supports the existence of coverage.

48.     USLI's unreasonable conduct or position includes, but is not limited to:

   a. Agreeing to pay for the Brownstein Defense cost but failing to do so;
   b. Failing to communicate its coverage position in a timely fashion;
   c. Repeatedly failing to respond to inquiries and requests for payment;
   d. Deferring response to inquiries concerning payment to unnamed "coverage counsel" who never responded;
   e. Wrongfully denying coverage without a reasonable basis;
   f. The failure to negotiate in good faith;
   g. Failing to adopt and implement reasonable standards for the prompt evaluation of Plaintiffs' claim; and
   h. Ignoring evidence that supports coverage and therefore acting unreasonably, unfairly and in bad faith toward Plaintiffs

49.     Upon information and belief, USLI knew that its conduct or position was unreasonable or recklessly disregarded the fact that its conduct or position was unreasonable.

50.     USLI's unreasonable conduct or position were a cause of Plaintiffs' damages.

7

**VI.  Third Claim for Relief – Statutory Bad Faith Breach of Insurance Contract Pursuant to C.J.I. 25:4, C.R.S. §§ 10-3-1115(1)(a), 10-3-1116.**

51. USLI denied or delayed payment of Plaintiffs' reimbursement for the costs of self-retaining the Brownstein Firm in Plaintiffs' defense, which was a covered benefit under the USLI Policy.

52. USLI's denial or delay of this payment was without a reasonable basis.

53. For this statutory violation, Plaintiffs are entitled to the twice the amount of the covered benefit that was not paid by USLI plus reasonable attorney fees. *See* C.R.S. § 10-3-1116(1).

**VII.  Prayer for Relief**

Plaintiffs request the following relief in favor of Plaintiffs and against Defendant USLI as follows:

1. Judgment against USLI for compensatory, direct and consequential damages in an amount to be determined at trial;

2. Judgment against USLI in the amount of double the amount of the covered benefit plus reasonable attorney fees pursuant to C.R.S. § 10-3-1116(1).

3. Statutory interest of 8% compounding annually pursuant to C.R.S. § 5-12-102(1)(b).

4. Cost of suit;

5. Attorneys' fees and costs; and

6. Granting Plaintiffs any further relief deemed just and proper by the Court.

**PLAINTIFFS DEMAND A JURY OF SIX ON ALL ISSUES.**

Respectfully submitted this 14th day of March, 2025.

*s/Robert L. Barlow*
*GARNETT POWELL MAXIMON BARLOW & FARBES*
Attorneys for Nome Partners LLC, CBZ Management LLC, Zev Baumgarten and Shmaryahu Baumgarten

Plaintiff's Address:
c/o GARNETT POWELL MAXIMON BARLOW & FARBES
1125 17th Street, Suite 2200,
Denver, CO 80202

**FORM 1.2. DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD-PARTY COMPLAINT AND JURY DEMAND**

| | |
|---|---|
| DENVER COUNTY DISTRICT COURT, COLORADO<br>1437 Bannock Street<br>Denver, CO 80202 | DATE FILED<br>March 14, 2025 6:39 PM<br>FILING ID: 50A4CD66408C2<br>CASE NUMBER: 2025CV30970 |
| **Plaintiffs:** Nome Partners LLC, CBZ Management LLC, Zev Baumgarten, and Shmaryahu Baumgarten<br><br>**v.**<br><br>**Defendants:** United States Liability Insurance Company | ▲ COURT USE ONLY ▲ |
| **Attorneys for Plaintiffs Nome Partners LLC, CBZ Management LLC, Zev Baumgarten, and Shmaryahu Baumgarten:**<br>Robert L. Barlow, Reg. No.43547<br>Kristin L. Arthur, Reg. No. 52397<br>GARNETT POWELL MAXIMON BARLOW & FARBES<br>1125 17th Street, Suite 2200<br>Denver, CO 80202<br>(303) 991-3344<br>Rob.Barlow@garnettlegalgroup.com<br>Kristin.Arthur@garnettlegalgroup.com | Case No.:<br><br>Division: |
| **DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD-PARTY COMPLAINT AND JURY DEMAND** | |

1. This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third party complaint in every district court civil (CV) case. It shall not be filed in Domestic Relations (DR), Probate (PR),, Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases or in Water (CW) proceedings subject to sections 37-92-302 to 37-92-305, C.R.S. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. Simplified Procedure under C.R.C.P. 16.1 **applies** to this case **unless** (check one box below if this party asserts that C.R.C.P. 16.1 **does not** apply):

___     This is a class action, forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding, **or**

_X_     This party is seeking a monetary judgment against another party of more than $100,000.00, exclusive of interest and costs, as supported by the following certification:

1

**FORM 1.2. DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD-PARTY COMPLAINT AND JURY DEMAND**

By my signature below and in compliance with C.R.C.P. 11, based upon information reasonably available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000.

**Or**

___    Another party has previously filed a cover sheet stating that C.R.C.P. 16.1 does not apply to this case.

3.     _X_ This party makes a **Jury Demand** at this time and pays the requisite fee. See C.R.C.P. 38. (Checking this box is optional.)


Dated: March 14, 2025                    **Signature of Attorney for Party**

*s/ Robert L. Barlow*
Robert L. Barlow, Reg. No.43547
Kristin L. Arthur, Reg. No. 52397
Garnett Powell Maximon Barlow & Farbes
1125 17th Street, Suite 2200
Denver, CO 80202
(303) 991-3344
rob.barlow@garnettlegalgroup.com
kristin.arthur@garnettlegalgroup.com

*Attorneys for Plaintiffs Nome Partners LLC, CBZ Management LLC, Zev Baumgarten, and Shmaryahu Baumgarten*

**NOTICE**
This cover sheet must be served on all other parties along with the initial pleading of a complaint, counterclaim, cross-claim, or third party complaint.

2

| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO<br>1437 Bannock St.<br>Denver, CO 80202 | DATE FILED<br>March 25, 2025 8:03 AM<br>FILING ID: ADFF4E9434FA3<br>CASE NUMBER: 2025CV30970 |
| **Plaintiffs:** Nome Partners LLC, CBZ Management LLC, Zev Baumgarten, and Shmaryahu Baumgarten<br><br>v.<br><br>**Defendant:** United States Liability Insurance Company | ▲ COURT USE ONLY ▲ |
| *Attorneys for Plaintiffs Nome Partners LLC, CBZ Management LLC, Zev Baumgarten, and Shmaryahu Baumgarten*<br>Robert L. Barlow, Reg. No. 43547<br>Kristin L. Arthur, Reg. No. 52397<br>Garnett Powell Maximon Barlow & Farbes<br>1125 17th Street, Suite 2200<br>Denver, CO 80202<br>(303) 991-3344<br>rob.barlow@garnettlegalgroup.com<br>kristin.arthur@garnettlegalgroup.com | Case No.: 2025cv30970<br>Division: 409 |
| **SUMMONS** | |

**TO THE ABOVE NAMED DEFENDANT:**

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint. If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you. If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you. Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

Dated: March 25, 2025

                                                    Garnett Powell Maximon Barlow & Farbes

                                                    *s/ Robert L. Barlow*
                                                    Robert L. Barlow, Reg. No. 43547
                                                    Kristin L. Arthur, Reg. No. 52397

                                                  *Attorneys for Plaintiffs Nome Partners LLC, CBZ Management LLC, Zev Baumgarten, and Shmaryahu Baumgarten*

2