# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Case No. 1:25-cv-01303-WJM-CYC

NOME PARTNERS, LLC,
CBZ MANAGEMENT, LLC,
ZEV BAUMGARTEN,
SHMARYAHU BAUMGARTEN,

    Plaintiffs,

v.

UNITED STATES LIABILITY INSURANCE COMPANY,

    Defendant.

---

## PROPOSED SCHEDULING ORDER

---

### 1. DATE OF SCHEDULING CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The scheduling conference will be held before this Court on June 25, 2025, at 11:30 a.m. in Courtroom C-205.

| **Attorneys for Plaintiff** | **Attorneys for Defendant** |
|---|---|
| Robert L. Barlow, Reg. No. 43537 | Vincent J. Velardo, CBN 55712 |
| Kristin L. Arthur, Reg. No. 52397 | Litchfield Cavo, LLP |
| Garnett Powell Maximon Barlow & Farbes | 2455 E. Parleys Way, Suite 320 |
| 1125 17th Street, Suite 2200 | Salt Lake City, UT 84109 |
| Denver, CO 80202 | Telephone: (801) 410-4982 |
| Telephone: (303) 991-3344 | velardo@litchfieldcavo.com |
| rob.barlow@garnettlegalgroup.com | |
| kristin.arthur@garnettlegalgroup.com | Paul G. Roche, CBN 423912 |
| | Litchfield Cavo, LLP |
| | 82 Hopmeadow Street, Suite 210 |
| | Simsbury, CT 06089 |
| | Telephone: (860) 413-2800 |
| | roche@litchfieldcavo.com |

## 2. STATEMENT OF JURISDICTION

The Court has diversity jurisdiction over this matter. 28 U.S.C. § 1332(a).

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. **Plaintiff**

Defendant United States Liability Insurance Company ("USLI") issued an insurance policy covering Plaintiffs. After a Class Action Complaint and Jury Demand and TRO were filed against Plaintiffs, Plaintiffs tendered claim for insurance coverage to USLI. Despite agreeing that USLI's duty to defend was triggered by Plaintiffs' tender, USLI has unreasonably failed to reimburse Plaintiffs for the defense costs Plaintiffs submitted to USLI and USLI was contractually obligated to pay.

b. **Defendant**

USLI has now agreed to defend Plaintiffs pursuant to a reservation of rights. USLI has also agreed to reimburse Plaintiffs for their past defense costs, subject to those costs being reasonable.

There potentially is no coverage under the USLI Policy to the extent that the Policy's definition of Personal and Advertising Injury is not satisfied.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. USLI issued Insurance Policy No. GL 1055867D to Plaintiffs.

2. A claim for insurance coverage was tendered to USLI on August 15, 2024, which was acknowledged by USLI and assigned claim number 0-43610.

3. On September 5, 2024, USLI agreed to defend Plaintiffs under a reservation of rights.

4. USLI has agreed to reimburse Plaintiffs for their past reasonable defense costs.

## 5. COMPUTATION OF DAMAGES

a. **Plaintiff**

1. Plaintiffs provide the follow computation of damages.

| Type of Damage | Amount | Basis |
|---|---|---|
| General Damages | $165,072.34 | Damages that are the natural and probable consequence of the Defendant's breach. This number is the amount of legal fees paid by Plaintiffs to Brownstein Hyatt Farber & Schreck, which USLI must pay to Plaintiffs as a covered benefit. |
| Statutory Damages | $330,144.68 | "A first-party claimant… may bring an action in a district court to recover reasonable attorney fees and court costs and two times the covered benefit." C.R.S. § 10-3-1116(1). This number represents "two times the covered benefit," which is authorized by statute. |
| Attorney Fees | Amount to Be Determined at Trial; Constantly Accruing while this Suit is Pending. | C.R.S. § 10-3-1116(1). |
| Statutory Interest (8 months at 8% per annum) | $8,803.86; this number also continues to accrue. | C.R.S. § 5-12-102(1)(b). |

b.  **Defendant**

USLI does not seek damages.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

**a. Date of Rule 26(f) meeting.**

The Fed. R. Civ. P. 26(f) meeting was held on June 4, 2025.

**b. Names of each participant and party he/she represented.**

Kristin L. Arthur, *Attorney for Plaintiffs*      Paul G. Roche, *Attorney for Defendant*

**c. Statement of when Rule 26(a)(1) disclosures were made or will be made.**

The parties will make their disclosures pursuant to Rule 26(a)(1) on or by June 18, 2025.

**d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

None.

**e. Statement concerning any agreements to conduct informal discovery.**

No agreements to conduct informal discovery have been made.

**f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The parties certify that they will cooperate in order to reduce the costs of litigation and expedite the just disposition of the case. Documents produced by any party shall be Bates labeled. The parties agree to use a unified exhibit numbering system for depositions.

**g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The Parties do not anticipate needing to discover a significant amount of electronically stored information from each other. The Parties shall produce any electronically stored information in their possession, custody or control relevant to the parties' claims and defenses in an easily accessible format (e.g. PDF).

**h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties have begun to discuss a prompt and early resolution of the case. All parties believe that such a resolution is possible, and request that the Court impose an early ADR deadline, within 60 days of the issuance of this Scheduling Order.

## 7. CONSENT

All parties do not consent to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

**a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

Plaintiffs do not anticipate the need to amend the presumptive number of depositions or interrogatories imposed by the Federal Rules of Civil Procedure.

Defendant does not anticipate the need to amend the presumptive number of depositions or interrogatories imposed by the Federal Rules of Civil Procedure.

**b. Limitations which any party proposes on the length of depositions.**

Plaintiffs do not propose any limitations to the length of depositions above the limits set forth in the Federal Rules.

Defendant does not propose any limitations to the length of depositions above the limits set forth in the Federal Rules.

**c. Limitations which any party proposes on the number of requests for production and/or requests for admission.**

Plaintiffs propose a limitation of 25 requests for production and 25 requests for admission.

Defendant does not object to Plaintiffs' proposal.

**d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

Deadline for submitting written discovery is 35 days prior to the discovery cut-off date.

**e. Other Planning or Discovery Orders**

None.

### 9. CASE PLAN AND SCHEDULE

**a. Deadline for Joinder of Parties and Amendment of Pleadings:**

The parties propose that the deadline to join additional parties and/or amend the pleadings shall be **August 8, 2025.** (approximately 45 days after scheduling conference).

**b. Discovery Cutoff:**

All discovery shall be completed by **March 25, 2026**. (approximately 10 months after scheduling conference).

**c. Dispositive Motion Deadline:**

April 15, 2026

**d. Expert Witness Disclosure:**

**1. The parties shall identify anticipated fields of expert testimony, if any.**

Plaintiffs anticipate calling expert witnesses in the following areas: insurance coverage; attorney fees; and any expert necessary to rebut experts endorsed by Defendant.

Defendant anticipates calling expert witnesses in the following areas: attorney fees; and any expert necessary to rebut experts endorsed by Defendant.

**2. Limitations which the parties propose on the use or number of expert witnesses.**

Plaintiff's propose that each side be limited to 3 retained experts, inclusive of rebuttal experts.

Defendant proposes that each side be limited to 3 retained experts, inclusive of rebuttal experts.

**3. The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before November 25, 2025.**

**4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before December 18, 2025.**

**e. Identification of Persons to Be Deposed:**

| *Name of Deponent* | *Expected Length of Deposition* |
|---|---|
| Nicholas Kirk | 1 hour |
| Brian McGowan | 4 hours |
| Ryan P. Murray, JD, AIC | 3 hours |
| Jason Dunn | 1 hour |
| Defendant (Rule 30(b)(6)) | 7 hours |
| Plaintiff (Rule 30(b)(6) | 7 hours |

## 10. DATES FOR FURTHER CONFERENCES

**a. Status conferences will be held at the following dates and times:**

[_Magistrate Judge to insert date and time_]
_____, 20__ at __ o'clock ___m.

**b. A final pretrial conference will be held at the following date and time:**

[_Magistrate Judge to insert date and time_]
_____, 20__ at __ o'clock ___m.

      A Final Pretrial Order shall be prepared by the parties and submitted to the Court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

**a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

      None at this time.

**b. Anticipated length of trial and whether trial is to the court or jury.**

      The parties estimate the length of trial to be 3 days. The trial will be to a jury.

**c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/ Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

      None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

      The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

      Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a), the Uniform Civil Practice Standards for Magistrate Judges, and any additional Order of the assigned Magistrate Judge regarding discovery dispute procedures [if any].

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order cannot be altered or amended except upon a showing of good cause.

DATED at _____, Colorado, this ___ day of _____, 2025.

BY THE COURT:

_____
Cyrus Y. Chung
United States Magistrate Judge

APPROVED AS SUBMITTED ON June 18, 2025:

*s/ Robert L. Barlow*
Robert L. Barlow, Reg. No. 43537
Kristin L. Arthur, Reg. No. 52397
Garnett Powell Maximon Barlow & Farbes
1125 17th Street, Suite 2200
Denver, CO 80202
Telephone: (303) 991-3344
rob.barlow@garnettlegalgroup.com
kristin.arthur@garnettlegalgroup.com

*Attorneys for Plaintiffs Nome Partners, LLC; CBZ Management, LLC; Zev Baumgarten; and Shmaryahu Baumgarten*

*s/ Paul G. Roche*
Paul G. Roche, CBN 423912
Litchfield Cavo LLP
82 Hopmeadow Street, Suite 210
Simsbury, CT 06089
Telephone: (860) 413-2800
roche@litchfieldcavo.com

Vincent J. Velardo, CBN 55712
Litchfield Cavo, LLP
2455 E. Parleys Way, Suite 320
Salt Lake City, UT 84109
Telephone: (801) 410-4982
velardo@litchfieldcavo.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 18, 2025, a true and correct copy of the foregoing **PROPOSED SCHEDULING ORDER** was electronically filed using the Court's CM/ECF system upon the following:

Paul G. Roche, CBN 423912
Litchfield Cavo LLP
82 Hopmeadow Street, Suite 210
Simsbury, CT  06089
Telephone: (860) 413-2800
roche@litchfieldcavo.com

Vincent J. Velardo, CBN 55712
Litchfield Cavo, LLP
2455 E. Parleys Way, Suite 320
Salt Lake City, UT 84109
Telephone: (801) 410-4982
velardo@litchfieldcavo.com

*Attorneys for Defendant*

*s/ Tracy Williams*
Tracy Williams
